IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEONARD E. DORSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-751-ECM |
| | ) | |
| 22nd JUDICIAL BRANCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by
Leonard E. Dorsey, an indigent inmate currently incarcerated in the Covington County Jail
on criminal charges pending against him for negotiating worthless instruments (that is,
checks), in violation of state law. *See* Ala. Code § 13A-9-13.1. In the instant complaint,
Dorsey challenges the constitutionality of convictions imposed upon him for negotiating
worthless instruments from 2005 until 2014 and the charges currently pending against him
for this offense before the state courts of Covington Count, Alabama, which comprise the
22nd Judicial Circuit of Alabama. Doc. 1 at 3; Doc. 1-1 at 1–2.  Dorsey names the 22nd
Judicial Branch/Circuit; Walter Merrell, the District Attorney for Covington County; Lex
Short, a judge for the Circuit Court of Covington County; and Julie Moody, a judge for the
District Court of Covington County, as defendants in this case. Dorsey seeks monetary
damages from the defendants for the alleged violations of his constitutional rights and

declaratory relief from both the pending criminal charges for negotiating worthless instruments and his prior convictions for such offenses.  Doc. 1 at 4.

Upon a thorough review of the complaint, the undersigned concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[1]

## II.  DISCUSSION

### A.  22nd Judicial Branch

Dorsey names the 22nd Judicial Branch/Circuit as a defendant in this case.  The state courts of Covington County, Alabama encompass this judicial circuit. However, state courts are not persons within the meaning of 42 U.S.C. § 1983 for purposes of suit or liability.  M*oity v. Louisiana State Bar Association*, 414 F. Supp. 180, 182 (E.D. La 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Summary dismissal of the complaint against the 22nd Judicial Branch/Circuit is therefore appropriate under 28 U.S.C. U.S.C. § 1915(e)(2)(B)(i).

### B.  Claims Related to Criminal Proceedings

Dorsey alleges that District Attorney Walter Merrell and Judges Lex Short and Julie Moody violated his constitutional rights during criminal proceedings related to his prior convictions for negotiating worthless instruments and the current criminal proceedings undertaken with respect to the charges now pending against him for this criminal offense.

---

[1]This court granted Dorsey leave to proceed *in forma pauperis* in this cause of action.  Doc. 3. Thus, the court is obligated to screen the complaint under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

Dorsey presents the untenable legal theory that the State cannot prosecute him for negotiating worthless checks because, ultimately, these charges relate to debts owed those he provided the worthless instruments, which he contends are purely civil matters.  Doc. 1-1 at 1–2.

      1. **<u>Judges Short and Moody</u>.**  "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted).  "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Fla.*, F. App'x 841, 843 (11th Cir. 2012).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice[.]"); *Allen*, 458 F. App'x at 843 (same).  "[T]he relevant inquiry is the nature and function of the act, not the act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

      All of the allegations made by Dorsey against Judges Short and Moody clearly emanate from actions taken by these defendants in their judicial capacity during state court proceedings over which they had jurisdiction. Judges Short and Moody are therefore absolutely immune from civil liability for acts taken pursuant to their judicial authority.

*Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity."); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" he is entitled to immunity even if Plaintiff alleges the action taken was erroneous, malicious or without authority). Consequently, Dorsey's claims against these judges are "based on an indisputably meritless legal theory" and fail to state any claim on which relief may be granted, and, as such, are subject to summary dismissal pursuant to provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

     2. **<u>District Attorney Walter Merrell</u>**.  The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute

immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor in "initiating a prosecution and in presenting the State's case … [when] that conduct is intimately associated with the judicial phase of the criminal process[.]" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks and citation omitted).

Insofar as Dorsey seeks relief from the District Attorney Merrell for actions undertaken during Dorsey's criminal proceedings related to either his prior convictions for negotiating worthless instruments or the pending criminal charges, it is clear that these actions occurred while defendant Merrell was engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which he is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Dorsey's claims against District Attorney Walter Merrell are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

In addition to the absolute immunity provided to the state court judges for orders issued in Dorsey's criminal cases and defendant Merrell for acts undertaken as the District Attorney in prosecuting Dorsey for his admitted negotiation of worthless instruments as prohibited by Alabama criminal law, Dorsey is further entitled to no declaratory relief against the defendants for any alleged adverse action related to the convictions and sentences previously imposed upon him by the state courts or the state criminal charges now pending against him. *See infra* at 6–11.

### C.  Declaratory Relief from Pending Criminal Charges

Dorsey complains that the criminal charges currently pending against him for negotiating worthless checks are unconstitutional because the State cannot prosecute or imprison him for civil debts he owes. Doc. 1-1 at 1. Dorsey seeks declaratory relief requiring the state court to dismiss the pending criminal charges. Doc. 1-1 at 1. However, under the circumstances of this case, the court must abstain from addressing this request for relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. 401 U.S. at 44–45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008) (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. 401 U.S. at 43–45. "In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when state judicial proceedings are pending, the proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise

constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

Each of the requisite elements for *Younger* abstention is present in this case. First, Dorsey is awaiting trial on criminal charges before a state court. Secondly, enforcement of the law is an important state interest.  Finally, Dorsey may raise his challenge to the validity of the charges in the pending state court proceedings and, if unsuccessful before the trial court and upon conviction, on direct appeal before the state appellate courts.

Exceptions to *Younger* abstention exist and include situations where (1) irreparable injury as a result of the prosecution is both "great and immediate", (2) the state law at issue flagrantly and patently violates the federal constitution, (3) there is a showing of bad faith or harassment, or (4) other unusual circumstances exist that require equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*). Nevertheless, in this case, Dorsey has failed to allege any facts which warrant application of the exceptions to *Younger* abstention as his claims challenging the validity of the charges lodged against him do not assert the type of bad faith or harassment that would justify the relief attendant to these claims — dismissal of his pending state criminal cases. Additionally, the mere fact that Dorsey must defend himself in state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against … criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Consequently, Dorsey's challenges to the constitutionality of the pending criminal charges and his request for entry of declaratory

relief from these charges are due to be summarily dismissed since equity, comity and federalism concerns require this court to abstain from considering such claim.

### D. Plaintiff's Prior Convictions and Sentences

To the extent Dorsey presents claims which go to the fundamental legality of his prior convictions for negotiating worthless instruments and the sentences imposed for these convictions, he is entitled to no relief in this civil action. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's conviction or sentence are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid,

*Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646–48.

It is well settled that "habeas corpus is the exclusive remedy for a state prisoner who" seeks to challenge a conviction or sentence, "even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of state convictions and sentences is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting that *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute.").  An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996).  Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's challenge to a conviction or sentence "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]").  The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of [a conviction or sentence].' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Based on the foregoing, *Heck* and its progeny bar Dorsey's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his convictions and sentences.  512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion.").  Hence, the claims presented by Dorsey which challenge the fundamental legality of his convictions and sentences for negotiating worthless instruments are not cognizable in this cause of action as they provide no basis for relief at this time and, thus, are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

### III.  CONCLUSION

---

[2]Before seeking federal habeas relief, Dorsey must have exhausted his state court remedies as the law directs that a federal court shall not grant relief on a habeas petition "unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(1)(b)(1)(A).  Additionally, any federal habeas petition is subject to a "[a] 1-year period of limitation[.]" 28 U.S.C. § 2244(d)(1). Finally, the inmate must also be "in custody" on the conviction and sentence he seeks to challenge.  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '***in custody*** in violation of the Constitution or laws . . . of the United States.' 28 U.S.C. § 2241(c)(3), *see also* 28 U.S.C. § 2254(a).") (emphasis in original).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims lodged against the named defendants seeking relief for actions which occurred or are now occurring during criminal proceedings before the state courts of Covington County, Alabama be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

2.  The plaintiff's challenges to the constitutionality of the criminal charges pending against him for negotiating worthless instruments and his request for declaratory relief as to such charges be summarily dismissed as this court must abstain from considering these challenges in accordance with the *Younger* abstention doctrine.

3.  The plaintiff's claims which go to the fundamental legality of his prior convictions for negotiating worthless instruments and the resulting sentences imposed upon him by the state courts of Covington County, Alabama be dismissed without prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims provide no basis for relief in the instant cause of action.

4.  This case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

The plaintiff may file objections to the instant Recommendation on or before **December 10, 2019**. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de

novo determination by the District Court of legal and factual issues covered in the Recommendation. The failure to file written objections will also waive the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 26th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge